**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

MICHAEL E. EMALFARB,

          Plaintiff-Counter Defendant,

v.

DREW FASSEAS,

          Defendant-Counter Plaintiff.

Case No. 18-CV-3392

Judge Ronald A. Guzman

## DREW FASSEAS'S MOTION TO COMPEL COMPLIANCE WITH THIRD PARTY SUBPOENA PURSUANT TO FED. R. CIV. P. 45

Now comes Defendant/Counter-Plaintiff Drew Fasseas ("Defendant/Counter-Plaintiff" or "Fasseas"), by and through his counsel SpencePC, pursuant to Rule 45 of the Federal Rules of Civil Procedure and respectfully moves this Honorable Court to enter an Order compelling third-party TBBOS, LLC to comply with the duly issued subpoena requiring it to produce certain categories of documents. The instant Motion is made on the grounds that the requested documents are reasonably calculated to lead to the discovery of admissible evidence, and therefore are relevant under Federal Rule of Civil Procedure 26(b)(1) to the subject matter of the of this action.

In or around 2013, Defendant/Counter-Plaintiff Drew Fasseas and Plaintiff/Counter-Defendant Michael Emalfarb ("Plaintiff/Counter-Defendant" or "Emalfarb") agreed to form a company, MEDF, LLC, to commercialize their novel idea of encouraging fitness and weight-loss. After agreeing to become fifty-fifty owners in the business, and to finance the business in equal fifty-fifty shares, Fasseas and Emalfarb became embroiled in a number of disputes regarding the business. Rather than resolve the differences on fair and equitable terms, Emalfarb formed a

competing business, MEMK, LLC, and secretly began using MEDF's confidential and trade secret information for the benefit of MEMK, leading to this current legal dispute. Through discovery in this matter, Fasseas learned that Emalfarb had not funded MEDF as the parties agreed, but rather a third-party entity, TBBOS, LLC, funded Emalfarb's share. In order to determine the relationship between Emalfarb, TBBOS, LLC, and its payments to MEDF, Fasseas served a subpoena on TBBOS, LLC. To date, TBBOS, LLC has failed to comply with Fasseas's duly issued subpoena. Defendant/Counter-Plaintiff Fasseas now seeks enforcement of said subpoena.

## I.  **BACKGROUND**

On August 21, 2018, Fasseas served Emalfarb his responses to Emalfarb's First Set of Requests for Production, which included the production of responsive and relevant documents. In preparation for this production, Fasseas obtained several bank records relating to MEDF, LLC. After reviewing those records Fasseas confirmed Emalfarb did not in fact fund the entity like the pair had agreed, but rather another company, TBBOS, LLC which operates as "The Best Bet on Sports" funded the entity on Emalfarb's behalf. Ex. 1, FASSEAS 00022. Fasseas knew "The Best Bet on Sports" to be Emalfarb's other business venture, a subscription-based website that provided customers with what Emalfarb purported to be several gambling professional's game picks. On November 6, 2018, Fasseas served a subpoena ("TBBOS, LLC Subpoena") on TBBOS, LLC seeking information and documentation regarding the operations of "The Best Bet on Sports" and the agreement that allowed TBBOS, LLC to fund MEDF, LLC on behalf of Emalfarb. A true and accurate copy of the TBBOS, LLC Subpoena is attached here as Exhibit 2. The TBBOS, LLC Subpoena was served upon its registered agent, Bradley Taub, with an additional copy served upon counsel for Emalfarb pursuant to Fed. R. Civ. Pro. 45. *See* Ex. 2, November 6, 2018 Subpoena. The TBBOS, LLC Subpoena requested the following documentation:

1. Any documents or things regarding or concerning the operation of TBBOS, LLC, including but not limited to any operating agreement and/or articles of incorporation.
2. Any documents or things evidencing bank accounts owned by TBBOS, LLC.
3. Any documents or things related to MEDF, LLC in the possession of TBBOS, LLC's including but not limited to annual reports and/or meeting minutes.
4. Any documents or things related to TBBOS, LLC's contribution to MEDF, LLC, including but not limited to bank statements, annual reports, tax filings, and/or meeting minutes.
5. Any and all communications or correspondence regarding MEDF, LLC and TBBOS, LLC's contribution thereto.

Ex. 2.

On December 4, 2018, counsel for Fasseas followed-up via email with Mr. Taub regarding compliance with the subpoena and was directed to counsel for Emalfarb. Ex. 3, December 4, 2018 Correspondence. After following-up through email with counsel for Emalfarb, who despite having received the subpoena on November 6, finally advised he represented TBBOS, LLC with regard to the TBBOS, LLC Subpoena. Ex. 4. Counsel for Emalfarb and TBBOS, LLC advised he would provide documents related to payments made to MEDF but would not provide corporate documents or documents related to TBBOS, LLC's bank accounts. Ex. 4, December 5, 2018 Correspondence. Despite this assurance, TBBOS, LLC has failed to produce any documents in response to this Subpoena. Fasseas contends these documents are directly relevant to Emalfarb's claim for dissolution, as well as Fasseas's claims for breach of fiduciary duty. Accordingly, Fasseas now requests this Honorable Court to TBBOS, LLC be compelled to comply with the subpoena in full.

## II.   ARGUMENT

### a.   The TBBOS, LLC subpoena is not an undue burden on TBBOS, LLC

Federal Rule of Civil Procedure 45(c)(2)(B) provides that a party serving a subpoena may move to compel the inspection or copying of materials sought in the subpoena over the objection of the subpoena recipient so long as compliance is not an undue burden to the recipient. *Builders Ass'n of Greater Chi. v. City of Chi.*, Case No. 96 C 1122, 2001 U.S. Dist. LEXIS 14076, at *6 (N.D. Ill. Aug. 29, 2001); *Bonutti v. Lehman Bros.*, Nos. 05 C 4409 (Main Proceeding, 02 C 1018 in the, 2005 U.S. Dist. LEXIS 26035, at *5-6 (N.D. Ill. Oct. 27, 2005). In determining whether a subpoena imposes an undue burden on the recipient, Courts, in part, determine whether the requests are narrowly tailored, relevant to the claims, and whether they are duplicative and cumulative of requests to the defendant. *Suture Express, Inc. v. Cardinal Health 200, LLC*, No. 14-cv-04737, 2014 U.S. Dist. LEXIS 162021, at *11 (N.D. Ill. Nov. 18, 2014). Here, the requests are narrowly tailored, decidedly relevant to the claims, and not duplicative of requests to the defendant.

#### i.   *The requests are narrowly tailored*

The requests in question are narrowly tailored to the specific information relevant to both Emalfarb's claim for dissolution and Fasseas's claim for breach of fiduciary duty. The TBBOS, LLC subpoena requests only five categories of documents, all of which are specifically related to the operation of TBBOS, LLC, the relationship between TBBOS, LLC, Emalfarb, and MEDF, as well as funding of MEDF. *See* Ex. 2. As TBBOS, LLC funded MEDF on behalf of Emalfarb, Fasseas is entitled to know what relationship led to that funding, what memorialized that relationship, and where the funding derives from. The requests in the TBBOS, LLC Subpoena request just that.

*ii. The documents are relevant to the claims at issue*

In opposing full compliance with the subpoena, TBBOS, LLC claims its corporate formation documents and documents evidencing its bank accounts are not relevant. Under Rule 26, "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim …. Relevant information need not be admissible at trial if the discovery appears to be reasonably calculated to lead to the discovery of admissible evidence. . . ." Fed. R. Civ. P. 26(b)(1). Here, the documents requested pursuant to the TBBOS, LLC are directly relevant to the claims at issue.

First, corporate formation documents are relevant to the relationship between TBBOS, LLC and Emalfarb that allowed TBBOS, LLC to fund MEDF. As Emalfarb is requesting to dissolve the entity, Fasseas is entitled to know all of the company's creditors before any winddown can occur. Indeed, without knowing what why TBBOS, LLC funded MEDF and whether any corporate formalities currently exist or existed to memorialize those payments, there is no way of knowing whether TBBOS has an interest in MEDF which now Emalfarb seeks to dissolve or whether MEDF or Emalfarb has a duty to reimburse TBBOS, LLC upon winddown. Further, these corporate documents are relevant to Fasseas's claim for breach of fiduciary duty. As Fasseas and Emalfarb were equal, fifty-fifty partners in MEDF, Emalfarb did not have the authority to bind the company without his partner's permission. Here, without TBBOS, LLC's corporate documents there is no way to know whether Emalfarb has bound MEDF or provided interest in MEDF to TBBOS in exchange for funding. Further, documents evidencing TBBOS, LLC owned bank accounts are relevant to Emalfarb's request to dissolve the entity as well as being relevant to Fasseas's claim for breach of fiduciary as they directly relate to the funding of MEDF through TBBOS, LLC and the potential funding of other competing entities, such as MEMK, LLC.

Lastly, the requests are not duplicative of requests made to Defendant, Emalfarb. The documents in questions relate directly to a third-party entity, TBBOS, LLC, that also happens to be controlled by Emalfarb. Fasseas has not requested any documents related to TBBOS, LLC from Emalfarb to date.

### B. TBBOS, LLC has waived any additional objections

It is well settled law that the burden rests upon the objecting party to show why a particular discovery request is improper. *Kodish v. Oakbrook Terrace Fire Prot. Dist.*, 235 F.R.D. 447, 450 (N.D. Ill. 2006). To date, TBBOS, LLC has not filed a motion to quash the Subpoena nor has it raised any defenses to the production of these documents, aside from relevance. Rather, TBBOS, LLC has neglected its responsibility under this Subpoena in its entirely.  As discussed *supra*, the documents are clearly relevant to the claims at issue in the current litigation and to now proffer an object on grounds such as undue burden would be a disingenuous attempt avoid its lawful responsibility.

Therefore, as the documents requested in the TBBOS, LLC Subpoena are decidedly relevant to the claims at issue in this instant litigation and the requests are narrowly tailored as to not cause undue burden to TBBOS, this Honorable Court should compel TBBOS, LLC to fully comply with the duly issued subpoena or otherwise be held in contempt.

### IV. <u>CONCLUSION</u>

Based upon the forgoing, Defendant/Counter-Plaintiff Drew Fasseas respectfully requests this Honorable Court enter an Order compelling third-party TBBOS, LLC to fully and completely comply with the November 6, 2018 subpoena by producing the following specific categories of documents: (1) Any documents or things regarding or concerning the operation of TBBOS, LLC, including but not limited to any operating agreement and/or articles of incorporation; (2) Any

documents or things evidencing bank accounts owned by TBBOS, LLC; (3) Any documents or things related to MEDF, LLC in the possession of TBBOS, LLC's including but not limited to annual reports and/or meeting minutes; (4) Any documents or things related to TBBOS, LLC's contribution to MEDF, LLC, including but not limited to bank statements, annual reports, tax filings, and/or meeting minutes; and (5) Any and all communications or correspondence regarding MEDF, LLC and TBBOS, LLC's contribution thereto; and for any and all other relief this Court deems just and proper.

Dated: January 11, 2019 Respectfully Submitted,

By: */s/ Meghan K. Nugent*
William Cory Spence
Megan K. Nugent
SpencePC
515 North State Street
Suite 1801
Chicago, Illinois 60654
312-404-8882
william.spence@spencepc.com
megan.nugent@spencepc.com

*Attorneys for Defendant, Counter-Plaintiff*

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 11, 2019, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing via electronic mail to all counsel of record.

*/s/ Meghan K. Nugent*